1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10  CYNTHIA MELLOR,            )      NO. ED CV 05-668-CT
                               )
11              Plaintiff,     )      OPINION AND ORDER
                               )
12       v.                    )
                               )
13  JO ANNE B. BARNHART,       )
    COMMISSIONER, SOCIAL SECURITY )
14  ADMINISTRATION,            )
                               )
15              Defendant.     )
                               )
16  _____)

17       For the reasons set forth below, it is ordered that judgment be

18  entered in favor of defendant Commissioner of Social Security ("the

19  Commissioner") because the Commissioner's decision is supported by

20  substantial evidence and is free from material legal error.

21                     SUMMARY OF PROCEEDINGS

22       On July 29, 2005, plaintiff, Cynthia Mellor ("plaintiff"), filed a

23  complaint seeking judicial review of the denial of benefits by the

24  Commissioner pursuant to the Social Security Act ("the Act").  On August

25  24, 2005, the parties filed a consent to proceed before the magistrate

26  judge.  On November 4, 2005, plaintiff filed a brief with points and

27  authorities in support of remand or reversal.  On December 5, 2005, the

28

Commissioner filed a brief in opposition to the relief requested in the complaint.

SUMMARY OF ADMINISTRATIVE RECORD

1.   Proceedings

On July 7, 2003, plaintiff filed an application for disability insurance benefits, alleging disability since May 2001 due to chronic vertigo, TMJ, migraines, face, jaw and neck pain, inflamation and infection of eustacian tube. (TR 64, 69 ).[1]  The application was denied initially and upon reconsideration. (TR 37, 42).

On April 26, 2004, plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). (TR 47). On February 1, 2005, plaintiff, represented by an attorney, appeared and testified before an ALJ. (TR 296-331). The ALJ also considered vocational expert ("VE") and medical expert ("ME") testimony.  On April 8, 2005, the ALJ issued a decision that plaintiff was not disabled, as defined by the Act because she can perform a significant range of low-stress light work that requires simple instructions, does not demand public contact or more than minimal contact with supervisors and co-workers.  Thus, plaintiff was not eligible for benefits.  (TR 11-17).  On April 18, 2005, plaintiff filed a request with the Social Security Appeals Council to review the ALJ's decision. (TR 7). On June 7, 2005, the request was denied.  (TR 4).  Accordingly, the ALJ's decision stands as the final decision of the Commissioner.  Plaintiff subsequently sought judicial review in this court.

---

[1]   "TR" refers to the transcript of the record of administrative proceedings in this case and will be followed by the relevant page number(s) of the transcript.

2

2.   <u>Summary Of The Evidence</u>

The ALJ's decision is attached as an exhibit to this opinion and order and materially summarizes the evidence in the case.

<u>PLAINTIFF'S CONTENTIONS</u>

Plaintiff contends the ALJ erred by failing to:

1.   Properly consider the opinion of a treating psychiatrist;

2.   Properly consider lay witness testimony from plaintiff's mother; and,

3.   Pose a complete hypothetical to the VE.

<u>STANDARD OF REVIEW</u>

Under 42 U.S.C. §405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and, (2) the Commissioner used proper legal standards.   <u>Macri v. Chater</u>, 93 F.3d 540, 543 (9th Cir. 1996). Substantial evidence means "more than a mere scintilla," <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971), but less than a preponderance. <u>Sandgathe v. Chater</u>, 108 F.3d 978, 980 (9th Cir. 1997).

When the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, however, the Court may not substitute its judgment for that of the Commissioner.   <u>Flaten v. Secretary of Health and Human Services</u>, 44 F.3d 1453, 1457 (9th Cir. 1995).   The court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing."   42 U.S.C. §405(g).

1                                    DISCUSSION

2            1.    The Sequential Evaluation

3            A person is "disabled" for the purpose of receiving social security

4    benefits if he or she is unable to "engage in any substantial gainful

5    activity by reason of any medically determinable physical or mental

6    impairment which can be expected to result in death or which has lasted

7    or can be expected to last for a continuous period of not less than 12

8    months."  42 U.S.C. §423(d)(1)(A).

9            The Commissioner has established a five-step sequential evaluation

10   for determining whether a person is disabled.  First, it is determined

11   whether the person is engaged in "substantial gainful activity."  If so,

12   benefits are denied.

13           Second, if the person is not so engaged, it is determined whether

14   the person has a medically severe impairment or combination of

15   impairments.   If the person does not have a severe impairment or

16   combination of impairments, benefits are denied.

17           Third, if the person has a severe impairment, it is determined

18   whether the impairment meets or equals one of a number of "listed

19   impairments." If the impairment meets or equals a "listed impairment,"

20   the person is conclusively presumed to be disabled.

21           Fourth, if the impairment does not meet or equal a "listed

22   impairment," it is determined whether the impairment prevents the person

23   from performing past relevant work.   If the person can perform past

24   relevant work, benefits are denied.

25           Fifth, if the person cannot perform past relevant work, the burden

26   shifts to the Commissioner to show that the person is able to perform

27   other kinds of work.   The person is entitled to benefits only if the

28                                         4

person is unable to perform other work.  20 C.F.R. §§404.1520, 416.920;

Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

　　2.　Issues

　　　A.　Treating Psychiatrist

Plaintiff contends that the ALJ failed to provide legally sufficient reasons for rejecting the opinion of William G. Smith, a treating psychiatrist, who opined that plaintiff's bipolar disorder renders her unable to work.

A treating physician's opinion generally is entitled to great weight.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citation omitted).  "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability."  Andrews v. Shalala, 53 at 1041 (citing Magallanes v. Bowen, 881 F.2d at 751).  The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record.  See 20 C.F.R. §§ 404.1527, 416.927.

The record in this case reveals that in October 2004 plaintiff sought a verification of physical or mental disability from Dr. Smith for an unrelated food stamp program.  (TR 275).  After checking a box indicating plaintiff is mentally unfit for gainful employment he wrote "at times her disorder is controlled by medication."

According to the record, plaintiff saw Dr. Smith and others at the Riverside County Department of Health.  On March 31, 2004, Dr. Smith noted "have only seen this patient once.  No hospitalizations."  (TR 274).

1    While plaintiff was "clear minded and responsive" at the time of

2  her appointment on March 31, 2005, the record from the Riverside County

3  Department of Mental Health also indicates "recent substance abuse" on

4  April 21, 2004.  (TR 282). The record reflects that Dr. Smith prescribed

5  medication to plaintiff between March 31, 2004 and December 15, 2004.

6  Dr. Smith's notes indicate that by December 15, 2004, plaintiff's

7  response to medication is "fairly good."  (TR 278).

8    First, plaintiff's contention that the ALJ did not discuss Dr.

9  Smith's opinion of disability is belied by the record.  While the ALJ

10 did not specifically mention Dr. Smith by name, her opinion states that

11 plaintiff was treated at the Riverside County Department of Mental

12 Health in 2004 where she was diagnosed with bipolar disorder and treated

13 with medication and therapy and evidences the ALJ's consideration of the

14 records in connection with that treatment.  (TR 12).

15   Second, the ALJ **did** find plaintiff has a severe mental impairment

16 which limited her to low-stress work that requires simple instructions

17 and does not demand contact with the public or more than minimal contact

18 with supervisors and co-workers.  This is consistent with the opinion of

19 the ME, a psychiatrist, who reviewed plaintiff's medical records and

20 testified at the hearing (TR 310-15).  It is also consistent with Dr.

21 Smith's opinion that plaintiff's bipolar disorder is, at times,

22 controlled by medication and that by the end of her treatment her

23 response to medication was "fairly good."  Moreover, the ME testified

24 that his review of the medical records showed that plaintiff is "stable

25 with medications."  (TR 313).

26

27

28
                                    6

Third, the testimony of the psychiatric medical expert, who reviewed the record evidence, was consistent with the ALJ's findings. (TR 311-12).

Fourth, to the extent, if any, a plaintiff's substance abuse is a material contributing factor to her disability, she is not entitled to benefits.  42 U.S.C. § 423(d)(2).

The ALJ's consideration of Dr. Smith's opinion is supported by substantial evidence and free from material legal error.

### B.   Testimony of Plaintiff's Mother

Plaintiff also asserts that the ALJ erred by failing to properly consider the testimony of plaintiff's mother without providing sufficient reasons for rejecting that testimony.  Plaintiff disagrees with the ALJ's summary of plaintiff's mother's written statement, to wit:

> [plaintiff's] mother reports [plaintiff] is able to perform a wide variety of self-care duties; mentions slight cognitive problems not corroborated by the evidence, but her statements do not suggest that [plaintiff] cannot work consistent with the residual functional capacity set forth above.  (TR 14).

"[D]escriptions by friends and family members in a position to observe [plaintiff's] symptoms and daily activities have routinely been treated as competent evidence." Spraque v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987); see also Crane v. Shalala, 76 F.3d 251, 254 (1996).  The ALJ may not discount witness reports solely because they were procured by plaintiff.  Crane v. Shalala, 76 F.3d at 254 (citing Ratto v. Secretary, Dept. of Health & Human Servs., 839 F. Supp. 1415, 1426 (D. Or. 1993)).  Rather, if the ALJ wishes to discount the testimony of a lay witness, she must give reasons that are germane to that witness.

1  Crane v. Shalala, 76 F.3d at 254 (citing Dodrill v. Shalala, 12 F.3d

2  915, 919 (9th Cir. 1993)).

3       Plaintiff's contention is belied by the record.  Here, the ALJ

4  considered the function report submitted by plaintiff's mother.  (TR 97-

5  110).[2]  While plaintiff correctly observes that portions of the report

6  reflect difficulties with, for example, pace and concentration, the ALJ

7  accurately summarized the report and considered it.  Moreover, this

8  report also reflects that plaintiff shops, visits friends, helps friends

9  with children, helps a wheelchair bound woman with light housework,

10  gardens, regularly goes to real estate meetings, is smart and recently

11  graduated from MTI College with a 4.0 GPA.  (Id.)

12       The ALJ's consideration of plaintiff's mother's function report is

13  free from material legal error and supported by substantial evidence.

14            C.   Vocational Expert Testimony

15       Plaintiff argues that the ALJ erred because his hypothetical to the

16  VE did not completely incorporate plaintiff's mother's testimony.

17       For an ALJ's hypothetical to a VE to be valid, it must include all

18  of a plaintiff's limitations.  Thomas v. Barnhart, 278 F.3d 947, 956 (9th

19  Cir. 2002). However, it need not include limitations not supported by

20  objective medical evidence when plaintiff is found not credible.  Id. at

21  959.  Here, the ALJ's hypothetical included the following limitations:

22  mild limitations on activities of daily living, moderate limitations on

23  ability to get along with the public, mild limitations on concentration,

24  persistence and pace, can do simple repetitive tasks, but should avoid

25  contact with the public, minimal contact with co-workers and

26

27       [2]This report is not under oath and plaintiff's mother did not testify at
the hearing.

28                                        8

supervisors, light exertional level limitation, need to avoid heights, no ladders, no ramps and limited to occasional bending, occasional stooping and occasional looking up.  (TR 327-28).

The ALJ's hypothetical was supported by substantial evidence and free from material legal error.

CONCLUSION

A plaintiff who can still perform work in the national economy, even with a severe impairment or impairments, is not disabled as that term is defined by the Act.  See generally Baxter v. Sullivan, 923 F.2d 1391, 1395 (9th Cir. 1991).  Furthermore, if the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the court may not substitute its judgment for that of the Commissioner. Flaten v. Secretary of Health and Human Services, 44 F.3d at 1457.

DATED: December 16, 2005


_____/ S /_____
CAROLYN TURCHIN
UNITED STATES MAGISTRATE JUDGE